**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Thomas Clobes,<br><br>　　　　Plaintiff,<br><br>v.<br><br>3M Company,<br><br>　　　　Defendant. | Case No. 0:23-cv-00158-NEB-DTS<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** |

## I.　INTRODUCTION

Plaintiff Thomas Clobes ("Clobes") attempts to claim that his employer 3M Company ("3M") discriminated against him on the basis of religion under Title VII and the Minnesota Human Rights Act ("MHRA") by requiring him to be vaccinated for COVID-19 under the "Federal Contractor Mandate" (a requirement that 3M lifted), by sending emails recommending that he obtain a vaccination, and by implementing a masking policy for unvaccinated employees.  But he is unable to meet the basic requirements of stating a claim.

Specifically, his Title VII and MHRA religious discrimination claims fail as a matter of law under Rule 12(b)(6) for four reasons.  The first two reasons provide independent bases compelling dismissal of the Title VII and MHRA discrimination claims, while reasons three and four provide independent bases compelling dismissal of the Title VII and MHRA hostile work environment claims.  **First**, Clobes' Complaint fails to plausibly plead an adverse employment action.  In fact, Clobes does not allege that 3M terminated his employment, demoted him, or materially altered the terms of his employment in any way.

Instead, Clobes alleges that 3M initially sought to impose a federal vaccine mandate, referenced termination if he did not become fully vaccinated, and denied his religious accommodation request – all before 3M later withdrew that mandate.  Although Clobes never received the vaccine and he continued to work at 3M, he thereafter felt "pressured to get fully vaccinated" due to emails and other 3M vaccination communications.  But feeling vaccination pressure is not an adverse action as a matter of law.  **Second**, Clobes fails to plausibly plead facts that would create an inference of discrimination (such as showing that similarly situated non-religious vaccine objectors were treated better by not being "pressured to get fully vaccinated" or by not receiving the offending 3M vaccination communications).  **Third**, if Clobes pursues a hostile work environment theory, he fails to plausibly plead harassment based on his religion.  Indeed, he alleges no harassing actions tied to his religion.  **Fourth and finally**, if Clobes pursues a hostile work theory, his claim also fails because he does not plausibly plead severe or pervasive conduct.

These reasons compel dismissal of Clobes' Complaint.  Practically speaking, Clobes remained employed at 3M and never suffered a material change in employment, nor did he suffer any religious-based harassment.  This Complaint is a waste of judicial resources, and is not justified under even a generous reading of the law.  This is not a close call.

## II.   FACTS – CLOBES' COMPLAINT FAILS TO PLAUSIBLY PLEAD RELIGIOUS DISCRIMINATION OR HARASSMENT

In his Complaint, Clobes alleges that 3M employed him at its facility in Hutchinson, Minnesota.  (Compl., ECF No. 1, at ¶¶ 5, 6.)

Clobes alleges 3M mandated that he become fully vaccinated for COVID-19 under

the "Federal Contractor Mandate" by December 8, 2021. (Compl. at ¶¶ 11, 25.) He claims 3M said he would be terminated if he did not become fully vaccinated by that date. (Compl. at ¶ 12.) Clobes submitted a religious accommodation request form to become exempt from the vaccine requirement. (Compl. at ¶¶ 13, 15.) 3M did not grant his request for a religious accommodation. (Compl. at ¶ 17.) Along with his alleged religious objections to the vaccine, Clobes claims his objection was also influenced by his granddaughter's reaction to a series of vaccines, which allegedly led to her death in 2019. (Compl. at ¶ 16.)

Clobes alleges that while at 3M he "was harassed daily by email and loudspeaker announcements" to receive the COVID-19 vaccine. (Compl. at ¶ 19.) Given the experience with his granddaughter, he claims that 3M's "pressure" to obtain the COVID-19 vaccine allegedly caused him emotional trauma. (Compl. at ¶ 19.) 3M also allegedly required Clobes to wear a mask, and Clobes claims this "singled him out as unvaccinated" like a "Scarlet Letter." (Compl. at ¶ 20.) Clobes further claims he watched training videos with people getting vaccinated, which made him ill. (Compl. at ¶ 22.)

On December 10, 2021, 3M lifted its vaccine mandate after the Federal Contractor Mandate was enjoined. (Compl. at ¶ 25.) But after 3M's lifting of the vaccine mandate, Clobes claims he continued to feel "pressure to get fully vaccinated," suffered emotional distress, and felt discriminated against because he felt he had to justify not taking the COVID-19 vaccine. (Compl. at ¶¶ 26-28.) He felt his religious beliefs "were on trial" for not wanting to take what he thought was "an experimental and potentially dangerous injection." (Compl. at ¶ 29.) Clobes also claims 3M subjected him to harassment on the basis of religion, including "unwelcome harassment, pressure, and coercion" to receive the

3

vaccine and "constant fear that he would be terminated and lose his livelihood[.]" (Compl. at ¶¶ 73-76, 84, 86.) However, he makes no allegation that anybody at 3M ever referenced his religion or his alleged religious accommodation request in any of these actions, nor does he make an allegation that his job was terminated or that he lost his livelihood.

### III. THE LEGAL STANDARD FOR DISMISSING THIS COMPLAINT

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations need not be detailed, but must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded by the district court. *See Iqbal*, 556 U.S. at 678–79. Whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Alleruzo v. SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

### IV. ARGUMENT - CLOBES FAILS TO STATE A RELIGIOUS DISCRIMINATION OR HARASSMENT CLAIM

Taking the factual assertions in Clobes' Complaint as true, Clobes' claims of religious discrimination fail because: (1) Clobes has not alleged a plausible case of

religious discrimination under either Title VII or the MHRA because he has not alleged any "adverse employment action" taken against him by 3M; (2) Clobes has not alleged a plausible case of religious discrimination under either Title VII or the MHRA because he has not alleged facts that would create an inference of discrimination; (3) Clobes has not alleged a plausible claim of a hostile work environment because he alleges no tie between 3M's alleged actions and Clobes' religion; and (4) Clobes has not alleged a plausible claim of a hostile work environment because he alleges no severe or pervasive conduct. Because Clobes has not and cannot state claims upon which relief can be granted, 3M respectfully requests that this Court dismiss the entire Complaint with prejudice.

>   **A.    Clobes Fails to Plead Facts That Establish a Plausible Case of Religious Discrimination Under Title VII or the MHRA – No Adverse Action and No Inference of Discrimination.**

Clobes' Compaint fails to plausibly plead a religious discrimination claim through indirect evidence. To establish a prima facie case of religious discrimination, a plaintiff must show: (1) he is a member of a protected class because of his religious beliefs, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. *Shirrell v. St. Francis Medical Center*, 793 F.3d 881, 887 (8th Cir. 2015). Elements of the prima facie case "are part of the background against which a plausibility determination should be made." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (citations omitted). "The elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." *Id.* In construing the MHRA, courts apply both Minnesota case law and "law

developed in federal cases arising under Title VII of the 1964 Civil Rights Act." *See Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999).

Applied here, Clobes' Complaint fails to plausibly plead two elements – adverse action and inference of discrimination. Clobes' claim must be dismissed if he fails to plausibly plead even one of the elements of a prima facie case. *See, e.g., Warmington v. Board of Regents of University of Minnesota*, 455 F. Supp. 3d 871, 876, 883 (D. Minn. 2020) (dismissing Title VII claim because plaintiff failed to plausibly plead elements of a prima facie case of gender discrimination), *aff'd*, 998 F.3d 789 (8th Cir. 2021).

**First**, Clobes has not plausibly pleaded that he suffered an adverse employment action (the third element of the *prima facie* case). An adverse employment action means "termination, demotion, transfers involving changes in pay or working conditions, and negative evaluations used as the basis for other employment actions." *Huynh v. United States DOT*, 794 F.3d 952, 958 (8th Cir. 2015) (other citation omitted). The Eighth Circuit has repeatedly clarified that an adverse employment action is "a tangible change in working conditions that produces a material employment disadvantage." *Muldrow v. City of St. Louis Missouri,* 30 F.4th 680, 688 (8th Cir. 2022). Not everything that makes an employee unhappy is actionable. *Duffy v. McPhillips*, 276 F.3d 988, 991–92 (8th Cir. 2002). Indeed, minor or unpalatable changes in duties or working conditions do not rise to the level of adverse employment action. *Wilkie v. Dep't of Health and Human Servs.,* 638 F.3d 944, 955 (8th Cir. 2011).

Applied here, Clobes completely fails to allege that 3M terminated him, demoted him, transferred him, or gave him a negative evaluation – because none of these things

happened. Quite simply, Clobes failed to plausibly plead an adverse action, much less an adverse action due to his religion. This is dispositive.

All he can claim is that he received 3M email announcements about the benefits of the vaccine that made him feel "pressured," or that wearing a mask made him feel "singled out" because of his vaccination status. But Clobes feeling pressured or singled out is not an "adverse employment action." *See Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994) ("Changes in duties or working conditions that cause no materially significant disadvantage, such as Harlston's reassignment, are insufficient to establish the adverse conduct required to make a prima facie case"); *see also, Brannum v. Mo. Dep't of Corr.*, 518 F.3d 542, 549 (8th Cir. 2008) ("minor changes in working conditions" are not a material employment disadvantage).

Further, Clobes presents nothing to suggest that 3M intended to make him feel "pressured" or "singled out." Indeed, many – if not most – of the world's employers were sending similar emails to employees during this time period that explained the benefits of COVID-19 vaccinations and masking to both keep workers safe and keep production lines running. Clobes has presented no facts that plausibly allege he suffered an adverse employment action. Accordingly, his claims fail as a matter of law.

**Second**, Clobes has not plausibly pleaded any circumstances that give rise to an inference of discrimination (the fourth element of the *prima facie* case). He has not pleaded that 3M treated similarly situated employees outside the protected class of vaccine religious objectors differently. In short, there is nothing supporting an inference of discrimination based on religion.

7

Even Clobes admits that the masking requirement was tied to his vaccination status, not his religion. (Compl. at ¶ 20.) Plus, vaccination status is not a protected class. *See, e.g., Blackmon as next friend of Z.O. v. Lenawee County Health Department*, 2022 WL 4088073 at *7 (E. D. Mich. Sept. 6, 2022) (rejecting argument by plaintiff that different treatment of vaccinated and unvaccinated children is subject to elevated scrutiny under the Equal Protection Clause of the Fourteenth Amendment); *Children's Health Defense, Inc. v. Rutgers, States University of New Jersey*, 2022 WL 4377515 at *7 (D.N.J. Sept. 22, 2022) (treating unvaccinated and vaccinated individuals differently is permissible because "being unvaccinated does not confer protected status"). Because there is no claim that employees with other reasons for remaining unvaccinated were treated differently, Clobes fails to plead circumstances that give rise to an inference of discrimination.

More importantly, Clobes never claims the emails and masking requirements were tied to Clobes' religion. This is because these requirements applied to everyone at 3M.

Clobes cannot establish two of the required elements of a prima facie case of religious discrimination as a matter of law. His claims are therefore not plausible under *Iqbal* and *Twombly*, and must be dismissed.

> **B. Clobes Fails to Plead Facts That Establish a Plausible Hostile Work Environment Theory under Title VII or the MHRA – Not Based on Religion and Not Severe or Pervasive.**

If we accept that the Clobes Complaint also attempts to claim religious discrimination due to a "hostile work environment",[1] this claim also fails because he did

---

[1] Clobes has not plausibly pleaded any theory of religious discrimination, whether failure to accommodate, hostile work environment, or some other theory.

not plausibly plead anything that would support two of the elements of a religious discrimination claim based on a hostile work environment theory.

To establish a hostile work environment claim, Clobes must show: (1) he is a member of a protected group; (2) he was subject to unwelcome harassment; (3) the harassment was based on his status as a member of the protected group; (4) the harassment affected a term, condition, or privilege of his employment (i.e., severe or pervasive); and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. *Palesch v. Missouri Com'n on Human Rights*, 233 F.3d 560, 566 (8th Cir. 2000). Clobes failed to adequately plead that he was subject to unwelcome harassment because of his religion and that the harassment affected a term, condition, or privilege of his employment.

**First**, Clobes did not adequately plead that the harassment was based on his status as a member of the protected group (the third element of a *prima facie* case). Clobes' Complaint simply makes vague references to being pressured to get the COVID-19 vaccine, having to mask, being encouraged to get the COVID-19 vaccine, and having to justify not taking the vaccine. But he never claims to have evidence that the alleged "harassment" at 3M was based on his religion, even though that connection is required. *See, e.g., Frangesh v. Potter*, 2007 WL 4224054 at *5-6 (D. Minn. Nov. 27, 2007) (dismissing Title VII religious discrimination hostile workplace claim because there is no "reason to believe Plaintiff's religion was a factor" in the objectionable conduct); *see also, Scurlock v. Missouri Housing Development Commission*, 2021 WL 1945857 at *4 (E.D. Mo. May 14, 2021) ("[F]or harassing conduct to constitute race discrimination, it must be

9

determined that the harasser's actions were taken based on the plaintiff's race"); *Ford v. Delta Air Lines, Inc.*, 2019 WL 2524772 at *3 (D. Minn. June 19, 2019) (dismissing hostile work environment claim based on age discrimination when the conduct alleged was not based on plaintiff's age). Virtually every allegation in Clobes' Complaint concerning his employment relates to his vaccination status, not his religion.

Plus, there are many reasons an employee would not be vaccinated other than religion, such as a medical condition, a suspicion of vaccines, or no reason at all. Thus, there is zero basis to believe that the alleged pressure to get a COVID-19 vaccine, masking, or non-descript "harassment" had any relation to Clobes' religion.

Indeed, in *McManus v. Department of Homeland Security*, 2022 WL 18635841 (E.D. Va. July 13, 2022), the Eastern District of Virginia recently granted a Rule 12 dismissal with prejudice on an ADEA claim because there were no facts alleged that connected the DHS's COVID-19 vaccination campaign to the Plaintiff's protected status (age). *Id.* at *4-5. The plaintiff in *McManus* argued that DHS's intranet homepage inclusion of a COVID Countdown Clock for employee compliance with the federal employee vaccine mandate was an "aggressive, manipulative, pressure tactic." *Id.* But the *McManus* Court rejected plaintiff's implausible argument that this Countdown Clock and other broadcasts regarding vaccinations were somehow based on Plaintiff's age.

The argument here with Clobes is every bit as weak as the argument in *McManus*. Specifically, Clobes provides no explanation of how 3M's emails and other communications about vaccines – particularly after 3M lifted its vaccine requirement – had anything to do with his religion.

10

**Second**, Clobes did not allege severe or pervasive conduct that rises to the level of a "hostile work environment" – i.e., that the harassment affected a term, condition, or privilege of employment (the fourth element of a prima facie case).

This fourth element involves both objective and subjective components. Harassment is actionable and affects a term, condition, or privilege of employment if it is "severe or pervasive enough" to create an "objectively hostile or abusive work environment" and the employee must subjectively believe their working conditions have been altered. *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016). To prove harassment is severe or pervasive, Clobes must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult" (*Sutherland v. Mo. Dep't of Corr.*, 580 F.3d 748, 751 (8th Cir. 2009) (quotation omitted)), and that it is "extreme in nature and not merely rude or unpleasant." *Nitsche v. CEO of Osage Valley Elec. Coop.*, 446 F.3d 841, 846 (8th Cir. 2006).

Courts in the Eighth Circuit have regularly granted motions to dismiss Title VII claims on the basis that the claims fail to allege severe or pervasive conduct that establishes a hostile work environment theory. *See Norgren v. Minnesota Department of Human Services*, 2023 WL 35903 at *3-4 (D. Minn. Jan. 4, 2023) (dismissing hostile work environment-based Title VII clam because the complaint did not show conduct "that would support a hostile workplace environment so intolerable that a reasonable person would feel compelled to resign" when employee claimed he was forced to endure "months of reviewing weekly communications and videos sent by [employer] that contradicted his view of equality") (internal quotations omitted); *Muhammad v. City of St. Louis*, 2019 WL

11

4576885 at *5 (E. D. Mo. Sept. 20, 2019) (dismissing Title VII and state law religious discrimination claims concerning a supervisor who refused to call plaintiff by a new name and who asked plaintiff questions about his religion, because these were "a few minor incidents" not rising to the level of severe or pervasive); *Benner v. Saint Paul Public Schools*, 2017 WL 6001736 at *8-9 (D. Minn. Dec. 4, 2017) (dismissing Title VII hostile work environment claim based on an investigation into plaintiff's conduct, which was an "insult" to plaintiff because pleading hostile work environment requires more than alleging an insult, as Title VII is not a "general civility code").

Here, Clobes claims that he "was harassed daily by email and loudspeaker announcements" to receive the COVID-19 vaccine. Even assuming this was true, this is not enough to meet the severe or pervasive standard. Also, Clobes does not allege that this "harassment" was targeted specifically at him, which further undermines his theory. *See, Norgren*, 2023 WL 35903 at *4 ("Requiring all employees to undergo diversity training does not amount to abusive working conditions…"). On the face of the Complaint, there is no indication that any emails or loudspeaker announcements were targeted at Clobes specifically, or any evidence that he received any particular scrutiny for his vaccination status. Putting aside Clobes' doubts about the efficacy and safety of COVID-19 vaccines, any encouragement 3M gave to employees to obtain a vaccine does not reach the level of an "abusive working environment" as a matter of law.[2]

---

[2] Clobes admits that 3M's vaccine requirement was withdrawn on December 10, 2021. (Compl. at ¶ 25.) This acknowledgment is inconsistent with his alleged concern that his employment was on the line based on his vaccination status.

12

Indeed, earlier this month in *Leggo v. M.C. Dean, Inc.*, 2023 WL 1822383 at *6 (E.D. Va. Feb. 7, 2023), the Eastern District of Virginia granted a Rule 12 dismissal with prejudice on an ADA hostile environment claim because, among other reasons, the alleged "harassing" email reminders to plaintiff to complete a vaccine tracking form and to encourage his team members to do the same were insufficient. As the Court reasoned,

> [m]ere allegations of unwanted email reminders or notifications are insufficient to show that plaintiff was subjected to "discriminatory intimidation, ridicule, and insult" that "create[d] an abusive working environment."

*Id.* (citations omitted).

Clobes also does not allege that 3M ever disclosed his religion or the reason for his requested exemption such that co-workers at the Hutchinson facility would have known that he was not vaccinated due to a religious belief. Unless Clobes disclosed his religious objections to co-workers outside of the exemption request process, his co-workers could believe his objection to the vaccine is related to his disdain for vaccines or his experience with his granddaughter, not his religion. There is no prima facie case of religious discrimination under a theory of a hostile work environment, and thus Clobes' claims are not plausible.

## V.  CONCLUSION – CLOBES' COMPLAINT MUST BE DISMISSED WITH PREJUDICE

3M respectfully urges the Court to dismiss these claims with prejudice, as the courts did in *Leggo*, 2023 WL 1822383 at *7 and *McManus*, 2022 WL 18635841 at *4. Any amendment here would not meet the futility standard under Rule 15, as any amendment cannot overcome the fact that Clobes was not fired or disciplined for not getting vaccine,

13

and there is no plausible argument that 3M has "harassed" Clobes regarding his religion. As shown above, Clobes' Complaint fails as a matter of law because his religious discrimination claims are not plausible – i.e., no adverse action, no inference of discrimination, not based on religion, and not severe or pervasive. The Court should grant 3M's motion to dismiss in its entirety and with prejudice.

Dated:  February 27, 2023                    Respectfully submitted,

                                                   OGLETREE, DEAKINS, NASH, SMOAK
                                                   & STEWART, P. C.

                                                   */s/ Patrick R. Martin*
                                                   Patrick R Martin, MN #259445
                                                   Nathan T. Boone, MN #0398989
                                                   Capella Tower
                                                   225 South Sixth Street, Suite 1800
                                                   Minneapolis, MN  55402
                                                   Telephone:  612-339-1818
                                                   Facsimile:  612-339-0061
                                                   pat.martin@ogletree.com
                                                   nathan.boone@ogletree.com

                                                   ***Attorneys for Defendant 3M Company***

                                                                                     55229058.v1-Ogletree