UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas Clobes,<br><br>   Plaintiff,<br><br>v.<br><br>3M Company,<br><br>   Defendant. | Case No. 0:23-cv-00158-NEB-DTS<br><br>**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** |

## I.  INTRODUCTION

Under Rule 12, Clobes' Title VII and MHRA religious discrimination claims fail because his Complaint alleges no adverse action and alleges nothing that creates an inference of discrimination. Likewise, his hostile work environment claims fail because his Complaint alleges no religious-based harassment and alleges nothing close to severe or pervasive conduct.

**First**, Clobes' Opposition and Complaint point to no adverse action (*i.e.*, no termination, no demotion, no transfer, no change in pay, and no negative evaluations). As Clobes acknowledges, 3M lifted its vaccine mandate arising from the Federal Contractor Mandate in December 2021, and Clobes continued as a 3M employee. (Complaint at ¶¶25-26). Nevertheless, Clobes argues he suffered "adverse action" through 3M's "harassment and coercion to receive the COVID-19 vaccine." (Opposition at 4). His Complaint alleges this "harassment" consisted of "email and loudspeaker announcements while at work to receive the COVID-19 vaccine." (Complaint at ¶19). But an employer requesting that employees get vaccinated is not an adverse action as a matter of law. Similarly, Clobes'

argument that he suffered an adverse action because unvaccinated people had to wear masks, (Opposition at 4; Complaint at ¶20), is illogical. Having to wear a mask indoors is not an adverse action, and this argument ignores that employees may choose to wear a mask for a variety of reasons unrelated to their vaccine or religious-objector status.

**Second**, Clobes' Complaint and Opposition likewise fail to create an inference of religious discrimination. Nothing here hints at religious discrimination. As Clobes notes, 3M's masking policy was based on "vaccination status" (Opposition at 4), which is not religious status. Clobes Complaint also fails to allege that 3M's efforts to protect its workers (via email and loudspeaker vaccination requests, along with masking requirements) targeted him specifically, much less targeted him based on his religion. Instead, Clobes argues he creates an inference of discrimination because of "3M's refusal to grant Plaintiff's religious exemption request." (Opposition at 4-5). But his Complaint and its exhibits confirm that no such "refusal" ever occurred:

- Exhibit B shows he requested an exemption on November 19, 2021 and that 3M asked him to answer additional questions by December 10;

- The Complaint shows that on December 10, Clobes received an email from 3M "that the vaccine mandate had been lifted;" and

- The Complaint and exhibits never state that 3M refused his exemption request.

(Complaint at ¶25, Ex. B). Thus, Clobes' own Complaint and Exhibit B reject the Opposition's argument that 3M "refus[ed]" his request, and instead show that 3M did not make a final decision regarding his request because he no longer needed an exemption.

**Third**, Clobes has no support for a hostile environment religion claim, as his Complaint fails to tie the alleged "harassment" – i.e., 3M's general announcements

regarding vaccines and masking requirements – to his religion. Courts continually hold that alleged harassment must be connected to the protected status to state a plausible claim.

**Fourth**, Clobes' hostile environment claim also fails because he pleads no severe or pervasive conduct – nothing beyond vaccination emails, vaccination loudspeaker announcements, and mask requirements that were presumably distributed to all employees regardless of their religion. Even taking all of Clobes' Complaint as true, he has no hostile work environment claim, and his claims should be dismissed with prejudice.

## II. ARGUMENT - CLOBES FAILS TO STATE A RELIGIOUS DISCRIMINATION OR RELIGIOUS HARASSMENT CLAIM

### A. Clobes cannot show that he suffered an adverse employment action necessary to support a religious discrimination claim.

Clobes' Complaint fails to allege Clobes was fired. Or demoted. Or suffered any other adverse action, like a transfer, pay cut, or bad review. He alleges no adverse action.

Adverse actions include "termination, demotion, transfers involving changes in pay or working conditions, and negative evaluations." *Huynh v. U.S. DOT*, 794 F.3d 952, 959 (8th Cir. 2015) (citations omitted). Minor or unpalatable changes in working conditions do not cause a "materially significant disadvantage" and thus are not adverse actions. *Wilkie v. Dep't of Health & Human Servs.*, 638 F.3d 944, 955 (8th Cir. 2011).[1]

---

[1] Clobes claims that in "civil rights actions," the complaint should be "liberally construed," citing *Gregory v. Dillard's Inc*., 494 F.3d 694, 709 (8th Cir. 2007), and out-of-circuit cases. (Opposition at 2). The *Gregory* court made this statement in a 42 U.S.C. §1981 claim, but never stated that Title VII or state claims are subject to a lower standard than *Iqbal* and *Twombly* specify. The present case of *Clobes v. 3M* does not involve 42 U.S.C. §1981, a statute that does not even cover religious discrimination. "[L]iberally construed" or not, Clobes' claims fail.

Here, the best Clobes can do is argue that 3M's "harassment" and mask requirement were adverse employment actions. (Opposition at 4). His Complaint confirms that this "harassment" consisted of 3M "email and loudspeaker announcements . . . to receive the COVID-19 vaccine." (Complaint at ¶19). Plus, as an unvaccinated worker, 3M required him "to wear a mask," which he claims singled him out and punished him. (Complaint at ¶20; Opposition at 4). This is all he has on adverse action – email and loudspeaker vaccine announcements, plus wearing a mask.

Even assuming these facts are true, they do not rise anywhere near the standard of an adverse employment action. 3M sending announcements to its employees encouraging COVID-19 vaccination or 3M requiring unvaccinated employees to wear a mask create no "materially significant disadvantage," and so these are not "adverse employment actions." *See Weger v. City of Ladue*, 500 F.3d 710, 726-27 (8th Cir. 2007) (granting summary judgment on no adverse action because directives applied to all officers and did not single out plaintiffs); *Takkunen v. Sappi Cloquet LLC*, 2009 WL 1287323 at *6 (D. Minn. May 6, 2009) ("mandatory sexual-harassment training was not an adverse employment action" because all employees were required to attend the training and there was no evidence it was planned to harm or embarrass plaintiff).

Notably, Clobes' Opposition cites no cases in which a court agreed that email announcements and policy broadcasts to employees at large qualified as adverse actions to a plaintiff in particular. Indeed, in the COVID-19 context, policy emails sent to everyone and not directed to a plaintiff specifically do not qualify as an adverse employment action. *See Sharikov v. Philips Med. Sys. MR, Inc.*, 2023 WL 2390360 at *13 (N.D.N.Y. March 7,

4

2023) (granting Rule 12 motion because "numerous emails outlining Defendant's COVID-19 policies and procedures, mask policies, and vaccination policies" sent to everyone and "not directed to Plaintiff personally" were not adverse employment action). Notably, Clobes never alleges in his Complaint that he alone received these 3M email and loudspeaker announcements, or that 3M required him alone to wear a mask.

Clobes also claims 3M's masking requirement revealed his medical information and, thus, "ostracized and punished" him. (Opposition at 4). But masking requirements reveal nothing about a person's religion, medical condition, or the reasons for their vaccination or masking choices. *See Leake v. Raytheon Tech. Corp.*, 2023 WL 2242857 at *5 ("masking requirements for vaccination-exempt employees do[] not create a 'scarlet letter' effect because the employees could be vaccination-exempt for a multitude of reasons, or the masking employees could be vaccinated but simply want the added facial protection"). Clobes fails to specify how he was "ostracized and punished" by anyone beyond having to follow masking requirements. And he ignores that someone may be unvaccinated (and thus required to wear a mask), not because of a religious objection, but because they are unvaccinated for a health or personal reason. He also ignores that many vaccinated employees wear masks as an additional safety measure. Regardless, Clobes fails to plausibly allege an adverse action. This Court should dismiss his religious discrimination claims under Title VII and the MHRA.

**B.  Clobes' only argument seeking to show an "inference of discrimination" is that 3M denied his religious exemption, but the Complaint and Exhibit B refute this characterization.**

Clobes' Complaint alleges nothing that would create an inference of discrimination.

In his Opposition, Clobes' primary argument – *i.e.*, that 3M "refused" to grant his pending religious accommodation request (Opposition at 4-5) – is illogical and directly contradicted by his own Complaint and exhibits.

Indeed, a careful review of the Complaint and Complaint Exhibit B confirms that Clobes' Opposition argument that 3M "refus[ed]" his religious exemption is refuted by the Complaint and Exhibit B. Specifically, the Complaint states that Clobes submitted a religious accommodation request (aka, an exemption request) on November 18, 2021. (Complaint at ¶ 15). The Complaint then says "3M did not grant" his request, but that 3M human resources "[i]nstead . . . sent him a list of questions to further evaluate his request," which he attached as Exhibit B. (Complaint at ¶¶ 17, 18, Ex. B). Exhibit B says:

> Dear Thomas,
>
> Thank you for submitting your request for religious accommodation from the COVID-19 vaccination requirement. We received your request on 11/19/2021. We require additional information to evaluate your request. The questions we need you to answer are listed below. You must respond to the questions in your own words by way of reply email . . . . You are required to provide this information . . . **no later than 12/10/2021**.

(Exhibit B, ECF No. 1-2, at 2 (emphasis added)). The Complaint's next mention of his request states that he submitted responses to the additional questions and then the Complaint – without mentioning any 3M response to his submission – states, "On **Friday, December 10, 2021**, Clobes got an email from a 3M official that **the vaccine mandate had been lifted**, consequential to the Federal Contractor Mandate being enjoined." (Complaint at ¶¶23, 25 (emphasis added)). In other words, his request for an exemption to the vaccine mandate was rendered moot when the mandate was lifted. Clobes, of course,

6

knows 3M never refused his request, and still he made this "refusal" argument in attempting to establish that an "inference of discrimination" occurred. His attempt fails.

Further, nothing else in the Complaint arguably creates an inference of religious discrimination. Not the masking policy, particularly given that Clobes' Opposition at 4 acknowledges that 3M's masking mandate was based on "vaccination status," which is not religious status. Not the email vaccination requests and loudspeaker vaccination requests, for which the Complaint never alleges were targeted specifically at him (or, more importantly, targeted at him based on his religion). In short, nothing in the Complaint suggests that Clobes was ever targeted, mistreated, or discriminated against due to his religion. Absent any inference of discrimination in the Complaint, the Court must dismiss his religious discrimination claims.

### C. Any "harassment" Clobes claims he suffered lacks any connection to his religion and, thus, his religious harassment claims fail as a matter of law.

Clobes' attempt to base his harassment claim on 3M's vaccine policy announcement and masking policy fails because he alleges no tie between his religion and these general messages and policies.

Clobes argues that the alleged vaccination harassment (*i.e.*, "coercion" and "harassment" via loudspeaker and email announcements concerning getting vaccinated (Complaint at ¶19)) is "inherently" linked to his religion. (Opposition at 5). But beyond this unsupported conclusion of an "inherent link," he fails to allege that these general loudspeaker and email announcements had something to do with his religion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (a plaintiff must offer more than "labels and

7

conclusions" to avoid a Rule 12 dismissal). He also fails to allege that 3M referenced his religion in connection with the general masking requirement. *Id.* Plus, there is nothing – no case law and no specific Complaint allegations – to support his argument that vaccination status is inherently tied to a religious objection. As the District of Arizona recently reasoned in dismissing religion claims under Rule 12(b)(6):

> the Court fails to see how the safety conditions required for vaccination-exempt employees is in any way related to religious discrimination under Title VII. As some district courts have already found, masking requirements for vaccination-exempt employees do[] not create a "scarlet letter" effect because the employees could be vaccination-exempt for a multitude of reasons, or the masking employees could be vaccinated but simply want the added facial protection.

*Leake*, 2023 WL 2242857 at *5. Indeed, there are many reasons why a person may remain unvaccinated, including religious, medical, scientific, cultural, political, or other reasons. Clobes and his Complaint fail to explain any connection between 3M's announcements about COVID-19 vaccination and his religion, or the masking rules and his religion.

Even more, Clobes' Complaint and Exhibit B reveal there is no connection between his religious exemption request and the alleged harassment. In November 2021, Clobes stated in his religious exemption request, "**Th[ese] past 18 months** have been extremely hard getting the constant daily emails and loud speaker announcements regarding vaccines from 3M[.]" (Exhibit B, ECF No. 1-2, at 2) (emphasis added). In other words, Clobes confirmed in Exhibit B that he received 3M's vaccine emails and loudspeaker announcements for 18 months **BEFORE** he made the religious exemption request. It is therefore impossible for Clobes to connect his religion with 3M's COVID-19 vaccine announcements, because the announcements started 18 months before he even submitted

his religious exemption request. (*Id.*).

Further, Clobes' Complaint never claims that he alone (or religious objectors alone) received these emails and loudspeaker vaccination announcements. Courts insist on some sort of connection between the employer's behavior and the protected characteristic – without one, a hostile work environment claim fails. *See, e.g., McManus v. Dep't of Homeland Sec.*, 2022 WL 18635841 at *4 (E.D. Va. July 13, 2022) (granting Rule 12 dismissal because plaintiff failed to show a prima facie case of age-based hostile work environment, as he did not allege that the employer's COVID-19 vaccine "countdown clock" was only broadcast to employees over the age of 40); *Leake*, 2023 WL 2242857 at *5 (granting Rule 12 dismissal with prejudice of religious harassment claim because "constant email reminders and signage" encouraging COVID-19 vaccination were visible to all and not specifically targeted to plaintiffs). Clobes points to no connection between the alleged harassment and his religion. His hostile work environment claim fails.

### D. Clobes' religious harassment claims also fail because he alleges nothing close to "severe or pervasive" conduct.

Clobes again trots out his objections to 3M's vaccine announcements and masking policy in a failed attempt to meet the "severe and pervasive" standard required to establish an "objectively hostile work environment". *See Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016).

Of course, vaccine announcements and a universal mask policy do not create an objectively severe or pervasive hostile work environment as a matter of law. *See Norgren v. Minnesota Dep't of Human Serv.*, 2023 WL 35903 at *3-4 (D. Minn. Jan. 4, 2023)

(granting Rule 12 dismissal with prejudice, as the complaint did not show a hostile environment so "intolerable that a reasonable person would feel compelled to resign" because "[r]equiring all employees to undergo diversity training" is not abusive, even if the training "contradicted Plaintiff's views on equality"); *Leggo v. M.C. Dean, Inc.*, 2023 WL 1822383 at *6 (E.D. Va. Feb. 7, 2023) (granting Rule 12 dismissal with prejudice because "[m]ere allegations of unwanted email reminders or notifications" asking plaintiff to complete a COVID-19 vaccine tracking form are "insufficient" to show severe or pervasive).  Plus, Clobes' subjective sensitivities regarding his granddaughter's vaccine experience is immaterial as he needs to show an "objectively" hostile work environment based on a reasonable person standard.  *See Blomker*, 831 F.3d at 1056.  His hostile work environment claims must be dismissed with prejudice.

> **E.    The Court should deny Clobes' request for leave to amend the Complaint, as any amendment would be futile.**

Clobes requests leave to amend the Complaint if the Court finds his claims "insufficiently alleged." (*See* Opposition at 2, 8).  The Court should deny this request because no amount of redrafting will create an adverse action, will create severe or pervasive conduct, or will cure other deficiencies.

An amendment is futile when the claim "would not withstand a [m]otion to [d]ismiss[.]"  *DeRoche v. All Am. Bottling Corp.*, 38 F.Supp.2d 1102, 1106 (D. Minn. 1998); *see Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 781–84 (8th Cir. 2008) (evaluating "futility" of claims under Rule 12(b)(6) standard).  Futility determinations use the *Iqbal-Twombly* "plausibility" standard under Rule 12.  *Streambend*

*Properties III, LLC v. Sexton Lofts, LLC*, 297 F.R.D. 349, 357 (D. Minn. 2014).

Here, Clobes' religious discrimination claims are futile and not plausible under *Twombly*. He was not fired, was not demoted, and did not suffer an adverse action. Without a "materially significant disadvantage," Clobes will never have a straight-ahead religious claim. Likewise, Clobes cannot allege that the 3M vaccine announcements and policies were targeted at him alone, or targeted at him based on his religion. And no changes to the Complaint can sharpen 3M's vaccine announcements and masking rule into a hostile work environment claim. Quite simply, nothing can fix these plausibility issues in the Complaint. The Court should dismiss with prejudice and with no leave to amend.

### III.   CONCLUSION

Under Rule 12(b)(6), 3M respectfully requests that this Court dismiss all claims in the Complaint with prejudice.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.

Dated: April 10, 2023

*/s/ Patrick R. Martin*
Patrick R Martin, MN #259445
Nathan T. Boone, MN #0398989
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN 55402
Telephone: 612-339-1818
Facsimile: 612-339-0061
pat.martin@ogletree.com
nathan.boone@ogletree.com

**Attorneys for Defendant 3M Company**